IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

**NATHAN BROWN,**

Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLEA AGREEMENT**

Criminal Action No.
12-CR-145 (GLS)

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York (by RICHARD BELLISS, appearing) and NATHAN BROWN (with MARK SACCO, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

1. **Defendant's Promises.** In return for the consideration described below, NATHAN BROWN agrees as follows:

   a. The Defendant will withdraw his previous pleas of "Not Guilty" and enter pleas of "Guilty" to Counts 1-5 of Indictment 12-CR-145, charging him with the production of child pornography (Counts 1-3) in violation of Title 18, United States Code, Section 2251(a); and the possession of child pornography (Counts 4-5) in violation of Title 18, United States Code, Section 2252A(a)(5)(B), in full satisfaction of all charges that relate to his production, distribution, receipt

and possession of child pornography, all occurring on or between about March 9, 2007 and March 9, 2012, as outlined in more detail below;

  b. The Defendant waives his right to appeal or collaterally attack his conviction and sentence in the event he receives a sentence of 405 months or less, as more fully set forth in paragraph 15, below.

  c. The Defendant consents to the entry of an order directing him to pay restitution in full to any person who would qualify as a victim, under 18 U.S.C. § 3663 or § 3663A, of the following offenses, whether or not the offenses are encompassed in the offenses of conviction in Counts 1-5: production and possession of child pornography. (18 U.S.C. § 2259).

  d. The Defendant consents to the entry of an order directing him to forfeit certain assets to the United States, pursuant to the Forfeiture Allegation in the Indictment, as more fully set forth below.

2. **Potential Penalties.** NATHAN BROWN understands that his guilty pleas to Count 1, Count 2, and Count 3 (production of child pornography) of the Indictment will subject him to the following potential penalties:

  a. <u>Maximum term of imprisonment</u>: 30 years per count. (18 U.S.C. § 2251(e)).

  b. <u>Mandatory minimum term of imprisonment</u>: 15 years per count. (18 U.S.C. § 2251(e)).

  c. <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of not less than 5 years, and up to life, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583(k)). Should the Defendant be placed on a term of supervised release and

subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 2 years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under Chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exception contained therein. Such term shall be not less than five years.

    d.    <u>Maximum fine</u>: $250,000.00 per count. (18 U.S.C. § 3571(b)(3)).

NATHAN BROWN understands that his guilty pleas to Count 4 and Count 5 (possession of child pornography) of the Indictment will subject him to the following potential penalties:

    e. <u>Maximum term of imprisonment</u>: 10 years. (18 U.S.C. § 2252A(b)(2)).

    f. <u>Mandatory minimum term of imprisonment</u>: No mandatory minimum. (18 U.S.C. § 2252A(b)(2)).

    g. <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of not less than 5 years, and up to life, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583(k)). Should the Defendant be placed on a term of supervised release and subsequently violate

any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 2 years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release.

If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under Chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment under 18 U.S.C. § 3583(e)(3) without regard to the exception contained therein. Such term shall be not less than five years.

      h. <u>Maximum fine</u>: $250,000.00 per count. (18 U.S.C. § 3571(b)(3)).

NATHAN BROWN understands that his guilty pleas to Count 1 through Count 5 of the Indictment will subject him to the following potential penalties:

      i. <u>Special Assessment</u>: The Defendant will be required to pay an assessment of $100.00 on each count, for a total of $500.00, which is due and payable at the time of sentencing. The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $500.00, payable to the U.S. District Court at the time of his sentencing.. (18 U.S.C. § 3013).

j. <u>Interest and penalties</u>: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

k. <u>Collateral Consequences</u>: Conviction of a felony under this Agreement may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms and may result in deportation or removal from the United States.

l. <u>Forfeiture</u>: The sentence imposed by the Court will include an order of forfeiture, as more fully set forth below in paragraph 14.

m. <u>Mandatory Restitution</u>: Pursuant to the Mandatory Victim Restitution Act, the sentencing Court must order that the Defendant pay restitution to any victim of the offense of conviction. (18 U.S.C. § 3663A). Pursuant to 18 U.S.C. § 2259, Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is required to order restitution for the full amount of the victims' compensable losses as defined at 18 U.S.C. §§ 2259(b)(3) and (c) as may be proved by the United States or stipulated to by the parties. Defendant acknowledges that the Court may not decline to award restitution because of the Defendant's economic circumstances or the fact that the victims have, or are entitled to, receive compensation for their injuries from the proceeds of insurance or any other source.

Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. Defendant further agrees to comply with any restitution order entered into at the time of sentencing. Defendant further agrees that Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future

bankruptcy proceeding. Defendant agrees to make full restitution for the provable losses caused by Defendant's activities. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. 3572(d).

Defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, Defendant agrees that, before sentencing, Defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by Defendant. Defendant shall also identify all assets value at more than $5,000.00 which have been transferred to third parties since the date of the Information, including the location of the assets and the identity of the third party(ies).

The parties will jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full. *See* 18 U.S.C. 3664(k), (n).

The parties will also jointly recommend that as a condition of probation or supervised release, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. 3664(k), (n).

The Defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the Defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

        n.    <u>Required Registration for Sex Offenders</u>: The Defendant, as a result of his convictions in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the Defendant resides, where he is an employee, and where he is a student. For initial registration purposes, the Defendant must also register in New York as a result of this conviction, even if he resides in a different jurisdiction. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.

    3.    **Sentencing Factors.** NATHAN BROWN understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker*, 543 U.S. 220 (2005). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, it must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

4. **<u>Elements of the Offense.</u>**

    a.    NATHAN BROWN understands the following legal elements of the offenses stated in 18 U.S.C. § 2251(a) (Count 1, Count 2 & Count 3 of the Indictment), and admits that these elements accurately describe his criminal conduct:

        i.    On the respective dates alleged in Count 1, Count 2, and Count 3, Jane Doe #1, Jane Doe #2, and Jane Doe #3 were under the age of 18;

        ii.    That the defendant used Jane Doe #1, Jane Doe #2, and Jane Doe #3, respectively, to take part in sexually explicit conduct for the purpose of producing a visual depiction of such, that is, still images and/or videos; and

        iii.    That the visual depictions (still images and videos) were produced using materials that had been transported in or affecting interstate or foreign commerce.

    b.    NATHAN BROWN understands the following legal elements of the offense stated in 18 U.S.C. § 2252A(a)(5)(B) (Count 4 & Count 5 of the Indictment), and admits that these elements accurately describe his criminal conduct:

        i.    That he knowingly possessed two computers, respectively, in the Northern District of New York;

        ii.    That he knew that said computers contained visual depictions of minors engaged in sexually explicit conduct;

        iii.    That these visual depictions and the production of these visual depictions involved the use of actual identifiable minors engaged in sexually explicit conduct; and

        iv.    That said visual depictions and said computers were either transported in interstate or foreign commerce or were produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce.

5. **<u>Factual Basis for the Plea.</u>** NATHAN BROWN admits the following facts, which establish his guilt with respect to the offenses stated in 18 U.S.C. § 2251(a) (Count1, Count 2 and

Count 3 of the Indictment), and 18 U.S.C. § 2252A(a)(5)(B) (Count 4 and Count 5 of the Indictment):

      a.      At all times relevant herein, NATHAN BROWN resided in either Fulton County, New York or Herkimer County, New York, both of which are located in the Northern District of New York.

      b.      Beginning in the late 1990's, BROWN, while living in various residences in the Northern District of New York, acquired, via the Internet, thousands of still images and videos of child pornography from various child pornography websites. Over the years BROWN saved many of the child pornography still images and videos he acquired onto various electronic storage devices, including an Acer computer bearing serial number LXR440214910312B621601 and an Acer computer bearing serial number PTSFS02001108086023000.

      c.      On March 9, 2012, investigators executed a federal search warrant at BROWN's residence in Dolgeville, New York. Investigators seized the computers referenced in paragraph 5(b). The seized items were searched and forensic examinations of the aforementioned computers, all of which belonged to the Defendant, were conducted. At a minimum, the aforementioned computers cumulatively contained in excess of 10,000 still images and 100 videos, all of which depict minors engaged in sexually explicit conduct, as those terms and phrases are defined in Title 18, United States Code, Section 2256(2). Said images and/or videos depict individuals under the age of 18 engaged in, among other things, vaginal sex, oral sex, anal sex, sado-masochistic conduct, masturbation and the lascivious exhibition of the genitals and pubic area. All of the images and videos recovered depict actual, as opposed to computer generated, images of

minors engaged in such conduct. A number of these images and videos depict prepubescent minors engaged in such conduct.

   e. BROWN knowingly and willfully possessed the aforesaid still images and videos depicting minors engaged in sexually explicit conduct. He also possessed these images knowing that they depict minors engaged in sexually explicit conduct. All of these images and videos had either been transported in interstate or foreign commerce or were produced using materials that had been mailed, shipped or transported in interstate or foreign commerce. BROWN obtained such images and videos from, among other places, individuals and/or websites located outside the State of New York. Moreover, such images and videos, and the actual computers used to obtain, download and save these depictions, were transported in interstate or foreign commerce and were produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce. BROWN also acknowledges that said computers were used to commit and promote the commission of the offenses found in Section 2252A(a)(5)(B) of Title 18 which are charged in the Indictment as Count 4 and Count 5.

   f. Between January 2010 and February 8, 2012, female minors known as Jane Doe #1, Jane Doe #2 and Jane Doe #3, were all under the age of eighteen.

   g. In or about the summer or fall of 2010, BROWN resided in a trailer home in Fulton County, New York. While in the trailer home and while babysitting Jane Doe #1, BROWN, using a Motorola Droid X smartphone bearing serial number K566NQ2N3K, used Jane Doe #1 to take part in sexually explicit conduct for the purpose of producing still images and videos of Jane Doe #1. At the time the sexually explicit still images and videos of Jane Doe #1 were produced, Jane

Doe #1 was eight years old. Some of the sexually explicit still images produced by BROWN included close up images of Jane Doe #1's vagina.

        h.      While in the same trailer home described in paragraph 5(g), and while babysitting Jane Doe #2, BROWN, in or about the summer or fall of 2010, using a Blackberry smartphone bearing serial number 8041FA25, used Jane Doe #2 to take part in sexually explicit conduct for the purpose of producing still images and videos of Jane Doe #2. At the time the sexually explicit still images and videos of Jane Doe #2 were produced, Jane Doe #2 was ten or eleven years old. Some of the sexually explicit still images and videos produced by BROWN included close up still images of Jane Doe #2's vagina and still images that captured BROWN placing his penis on the lips of Jane Doe #2 while she was sleeping.

        i.      In or about late November 2011, BROWN, while staying in a hotel room in Warren County, New York and using a Samsung model number SCH1510 smartphone, used Jane Doe #3 to take part in sexually explicit conduct for the purpose of producing still images and videos of Jane Doe #3. At the time the sexually explicit still images and videos of Jane Doe #3 were produced, Jane Doe #3 was eight years old. Some of the sexually explicit still images and videos produced by BROWN included close up still images of Jane Doe 3's vagina, and videos that captured BROWN ejaculating onto the hands and feet of Jane Doe #3 while she was sleeping.

        j.      All of the smartphones referenced in paragraphs 5(g)-5(i) were manufactured outside the State of New York, and had thus been transported in interstate or foreign commerce. BROWN also acknowledges that said smartphones were used to commit and promote the commission of the offenses found in Section 2251(a) of Title 18 which are charged in the Indictment as Counts One through Three.

k. On or about March 9, 2012, BROWN was interviewed by law enforcement officials. During this interview, he stated, among other things, in substance that:

    i. He used the aforesaid computers to search for and access child pornography via the Internet;

    ii. He had been searching for and downloading child pornography for several ~~approximately fifteen~~ years;

    iii. He saved some of the child pornography still images and videos that he had obtained via the Internet into various electronic folders on his computers;

    iv. He took, using his Droid X and Blackberry smartphones, multiple still photographs of Jane Doe #1's genitalia and Jane Doe #2's genitalia. Many of the images were taken while Jane Doe #1 and Jane Doe #2 were sleeping;

    v. He transferred the sexually explicit images of Jane Doe #1 and Jane Doe #2 to his Acer computers; and

    vi. He took multiple still images of Jane Doe #3's genitalia while she was sleeping.

l. The Defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant agrees that his sentence may be determined based upon such judicial fact-finding.

6. **Use of Defendant's Admissions.** The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against him by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with any paragraphs below.

7. **Collection of Financial Obligations.** In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

    a. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

    b. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

8. **Government's Promises and Reservation of Rights.** In exchange for the pleas of guilty to 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B) by NATHAN BROWN and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

    a. It will bring no further federal criminal charges against the Defendant relating to his production, distribution, receipt and possession of child pornography on or between about March 9, 2007 and March 9, 2012, which is described in Counts One through Five of the Indictment and the Defendant's admissions in paragraph 5, above, for so long as the guilty pleas and sentence on Counts One through Five of the Indictment remain in effect.

    b. If any of the guilty pleas to violating 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B) are later withdrawn or vacated, the charges not prosecuted pursuant to paragraph 8a of this Agreement may be filed and prosecuted, notwithstanding the expiration of the statute of

7. **Collection of Financial Obligations.** In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

    a. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The Defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

    b. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

8. **Government's Promises and Reservation of Rights.** In exchange for the pleas of guilty to 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B) by NATHAN BROWN and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorney's Office for the Northern District of New York agrees as follows:

    a. It will bring no further federal criminal charges against the Defendant relating to his production, distribution, receipt and possession of child pornography on or between about March 9, 2007 and March 9, 2012, which is described in Counts One through Five of the Indictment and the Defendant's admissions in paragraph 5, above, for so long as the guilty pleas and sentence on Counts One through Five of the Indictment remain in effect.

    b. If any of the guilty pleas to violating 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B) are later withdrawn or vacated, the charges not prosecuted pursuant to paragraph 8a of this Agreement may be filed and prosecuted, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the reinstatement of any such charges. The Defendant waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

  c. The Unites States Attorney's Office for the Northern District of New York reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court and to oppose any motion for a downward departure.

  d. The U.S. Attorney's Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or mitigation of sentencing, whether or not encompassed within Counts one through five of the Indictment.

9. **Stipulations**. The U.S. Attorney's Office and NATHAN BROWN agree to stipulate at sentencing to the statement(s) set forth in the subparagraph(s) below.

  a. If the Defendant demonstrates "acceptance of responsibility" for his conduct set forth above through the time of sentencing, the U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range, pursuant to U.S.S.G. § 3E1.1(a). If the Defendant promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the U.S. Attorney's Office may, in its sole discretion move for an additional downward adjustment of 1 level pursuant to U.S.S.G. § 3E1.1(b)(2).

  b. The Defendant's Criminal History Category cannot be definitively determined prior to the completion of the presentence investigation.

c. It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties. The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a plea of guilty by the Defendant, and will not release either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

d. No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

e. The Defendant understands that any estimate of the Defendant's total offense level or Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court.

f. To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

10. **Limitations on Agreement.** This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities. Furthermore, this Agreement does not prohibit the United States, any agency thereof,

15

or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets.

11. **Agreement Not Binding on the Court.** The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

      a. If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to the production and possession of child pornography in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his pleas of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

      b. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his pleas of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

12. **Remedies for Breach.** Should the U.S. Attorney's Office determine that the Defendant, after the date of this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged); (ii) has given false, incomplete, or misleading testimony or information; or (iii) has otherwise breached any

condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part. In the event of any such breach, the Defendant will not be permitted to withdraw his guilty pleas under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed to dismiss or has agreed not to prosecute in subparagraph 8a of this Agreement.

        a. The Defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

13. **Waiver of Defendant's Rights.** The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

        a. The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (i) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his defense; and (vi) to remain silent and refuse to be a witness against himself by asserting the privilege against self-incrimination.

b. The Defendant has been advised by defense counsel of the nature of the charges to which he is entering guilty plea(s) and the nature and range of the possible sentence. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines as explained further in paragraph 3 above and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

c. The Defendant further acknowledges that his plea is voluntary and did not result from any force, threat, or promises (other than the promises in this Plea Agreement).

14. **Forfeiture**. The Defendant hereby forfeits, to the United States, any interest in any personal property, used or intended to be used to commit or to promote commission of the offenses charged in the Indictment, to include: a Motorola Droid X smartphone bearing serial number K566NQ2N3K; a Blackberry smartphone bearing serial number 8041FA25; a Samsung model # SCH1510 smartphone; an Acer computer bearing serial number LXR440214910312B621601; and an Acer computer bearing serial number PTSFS02001108086023000, as set forth in the Forfeiture Allegation in the Indictment, pursuant to 18 U.S.C. § 2253(a). The Defendant further consents to the entry of an order of forfeiture as to these assets.

a. Forfeiture of Defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other penalty that the Court may impose upon the Defendant in addition to forfeiture.

b. The Defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets,

including but not limited to surrendering title; completing any documents or legal proceedings required to transfer assets to the United States; and taking necessary steps to ensure that assets subject to forfeiture are not sold, disbursed, expended, destroyed, damaged, hidden or otherwise made unavailable for forfeiture or removed beyond the jurisdiction of the Court.

      c.     The Defendant waives his right to a jury trial on the forfeiture of assets. The defendant waives all Constitutional, legal and equitable defenses to the forfeiture of assets as provided by this Agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment of the United States Constitution, including any claim of an excessive fine.

      d.     The Defendant represents and warrants that he has no direct or indirect interest in any property or other asset subject to forfeiture by virtue of his Plea Agreement, other than that listed in the Forfeiture Allegation in the Indictment.

      e.     In the event the U.S. Attorney's Office determines that the Defendant has breached any condition of this Agreement, the Defendant agrees that none of the forfeited property shall be returned to him, nor shall he assert any claim to the forfeited property. The Defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends or associates.

15.    **Waiver of Appeal and Collateral Attack.** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case, including by a challenge based upon *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005) and their progeny. The Defendant waives any and all rights, including those conferred by 18

U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and sentence in the event he receives a sentence of imprisonment of 405 months or less, including any related issues with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed. The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court. The Defendant agrees that, should the sentence imposed exceed 405 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.

16.   **Memorialization of Agreement.**  No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York

Dated: June 19, 2012          By: _____
                                  RICHARD BELLISS
                                  Assistant U.S. Attorney
                                  Bar Roll No. 515295

Dated: June 19, 2012          _____
                              NATHAN BROWN
                              Defendant

Dated: June 19, 2012          _____
                              MARK SACCO, Esq.
                              Attorney for Defendant
                              Bar Roll No.

20